UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHCO TECH, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-4, the owners and operators of vradvisors.org,<br><br>    Defendants. | Case No. 2:20-cv-00521-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Cheryl White's Motion to Stay Discovery (ECF No. 17). The Court has considered the Motion, JoshCo Tech, LLC's Opposition (ECF No. 18), and Ms. White's Reply (ECF No. 20). Also pending before the Court is Plaintiff's proposed Discovery Plan and Scheduling Order. ECF No. 19.

**I.  Background**

Plaintiff sues Defendant Ms. White for Direct Copyright Infringement in violation of 17 U.S.C. § 501 *et seq.* ECF No. 7. Plaintiff asserts ownership of a copyrighted mini disability benefit questionnaire ("mini DBQ") with Copyright Registration No. TX0008661039. *Id.* at 3. Plaintiff avers, on information and belief, that Ms. White "created, reproduced, distributed, or published forms" that infringe on Plaintiff's copyright through the use and sending of infringing mini DBQs to veterans who contact her through the website vradvisors.org. *Id.* at 4. Plaintiff claims that Ms. White has sent Nevada residents the alleged infringing forms. *Id.* Plaintiff asserts one cause of action against Ms. White under 17 U.S.C. § 501 *et seq. Id.* at 4-5. This cause of action is titled "Direct Copyright Infringement." *Id.* at 4.

Ms. White filed a Motion to Dismiss Plaintiff's claim on July 7, 2020. ECF No. 10. Attached to Ms. White's Motion is her Declaration. ECF No. 10-1. In that declaration, Ms. White states that she has never lived or worked in Nevada, but is a resident of California where she has lived her entire life; she does not own land or a business in Nevada; she does not have a bank account in

1

1  Nevada; she does not hold meetings in Nevada; she does not conduct advertising in Nevada; she
2  consults with disabled veterans about their disability ratings and, if she finds them to be a good
3  candidate for an increased rating, refers them to Zeplin Global Group, LLC ("Zeplin"). *Id.* Ms.
4  White further states that she has never drafted, worked on, copied or distributed any mini DBQ at
5  issue in this dispute and, while she owns the vradvisors.org domain name, she does not own or
6  operate the website. *Id.* Ms. White states she has done business with approximately 12 Nevada
7  veterans, out of 500 total with whom she has worked, and that she does not enter into any agreements
8  with veterans who contact her. *Id*. The majority of veterans who contact Ms. White come through
9  referrals from other veterans. *Id*.

**II.     Discussion**

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. For this reason, a party seeking a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Nonetheless, the court has broad discretion when deciding whether to grant a motion to stay discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Although deciding the issue of jurisdiction is always paramount for the Court, the Court retains its broad discretion to deny a motion to stay discovery even when a pending motion to dismiss is based upon a lack of personal jurisdiction. *Holiday Systems, Intern. of Nevada v. Vivarelli,*

2

*Schwarz, and Associates*, Case No. 2:10-cv-00471-MMD-GWF, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012) (finding that a magistrate judge does not abuse his discretion when he denies a stay based solely on a motion challenging personal jurisdiction).

In this matter, a preliminary peek at the Motion to Dismiss filed by Ms. White demonstrates that it is potentially dispositive of the entire case. That is, with respect to whether the Court may exercise personal jurisdiction over Ms. White, she asserts that her minimal contacts with approximately 12 Nevada residents (her only contacts with the state) consisted of providing a link to another website where Plaintiff's competitor allegedly uses a form that Plaintiff claims infringes on Plaintiff's copyright. However, as stated above, the only claim asserted against Ms. White is a direct copyright infringement claim. ECF No. 7. Sending an email containing a hyperlink, even if to a site that may infringe on a copyright, "does not itself constitute copyright infringement." *Pearson Educ., Inc. v. Inshayev*, 963 F.Supp.2d 239, 250-52 (S.D.N.Y. 2013); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1161 (9th Cir. 2007).[1]

Further, a review of the court's decision in *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152 (D. Nev. Oct. 10, 2012) is instructive. Citing *Liberty Media Holdings, LLC v. Letyagin*, Case No. 2:12-cv-00923-LRH-GWF, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012), the court in *KRD Trucking* found that the "pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved." 2012 WL 4846152, at *2. The court also stated that while it is generally true that "when determining personal jurisdiction the court accepts as true any uncontroverted allegations in the complaint … for personal jurisdiction purposes, a court may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Id*. (citations and internal quote marks omitted). Here, Ms. White's declaration contradicts virtually all of Plaintiff's factual allegations. ECF No. 10-1.

Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the

---

[1] In the potential absence of jurisdiction, the Court does not reach other issues presented in Ms. White's Motion to Dismiss.

assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising personal jurisdiction over Ms. White comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

To determine whether exercising personal jurisdiction over Ms. White would violate due process, courts apply a three-prong "minimum contacts" test that asks whether "(1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable." *In re W. States Wholesale Natural Gas Litig.*, 605 F.Supp.2d 1118, 1131 (D. Nev. 2009) (internal citation omitted). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Importantly, the minimum contacts test focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . . It follows that a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (internal citations and quotation marks omitted).

Here, in the absence of any use by Ms. White of any alleged mini DBQ form Plaintiff copyrighted, it is unclear how Plaintiff's claim against Ms. White arises out of or results from her Nevada-related activities. That is, the Ninth Circuit employs a "but-for" test to determine whether a particular claim arises out of forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). This test asks whether Plaintiff's claims against Ms. White would have arisen but for Ms. White's contacts with the forum state. *Id*.

Moreover, Plaintiff's direct copyright infringement claim necessarily requires that Plaintiff demonstrate that Ms. White "violated at least one exclusive right granted to" Plaintiff. *Perfect 10, Inc.*, 508 F.3d at 1159 (internal citations omitted). But, as explained by the Ninth Circuit, even if someone accesses the website vradvisors.org, which Ms. White states in her declaration that she

4

does not own, and Ms. White facilitates that individual's access to an infringing document, such assistance does not raise a direct infringement of copyright claim. *See id*. at 1161.

Ms. White does not display the alleged infringing document on the vradvisors.org website (nor is there any allegation that she does). And, the Ninth Circuit states that "distribution requires an actual dissemination of a copy" of a copyrighted document in order to state a direct infringement claim. *Id*. at 1162 (internal citation and quote marks omitted). Plaintiff's unsupported claim that Ms. White has sent forms into Nevada notwithstanding, Ms. White's declaration is clear that she does not use, enter into or distribute any agreements or mini DBQ forms to those with whom she is in contact. ECF No. 10-1.[2] Thus, even accepting that Ms. White has been in contact with 12 veterans who live in the state of Nevada, and, as Plaintiff contends, she pointed these individuals to a website that distributed allegedly infringing forms, there appears to be a substantial probability that Plaintiff will not be able to demonstrate that the Court has personal jurisdiction over Ms. White because Plaintiff's claim for direct copyright infringement does not arise out of or result from Ms. White's forum related activities. For this reason, a stay of discovery is appropriate in this case.[3]

### III.   Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that the parties shall advise the undersigned within five court days that an order was issued on Defendant's Motion to Dismiss. If Defendant's Motion is not

---

[2]   Plaintiff's reliance on *Peason Educ., Inc.*, is misplaced. The Southern District of New York makes clear that manuals accessed through hyperlinks emailed by the defendant, as opposed to defendant having attached digital copies of those manuals to the emails sent, "without more, is insufficient to establish an act of infringement." 963 F.Supp.2d at 250. In fact, the court stated: "As a matter of law, sending an email containing a hyperlink to a site facilitating the sale of a copyrighted work does not itself constitute copyright infringement." *Id*.

[3]   The Court has reviewed the extensive discover propounded by Plaintiff on Ms. White that is included verbatim in Plaintiff's Opposition to Defendant's Motion to Stay. ECF No. 18 at 5-8. While Plaintiff states that this discovery is necessary in order for Plaintiff to gather information regarding Ms. White's contact's with Nevada, the Court does not agree. Of the 20 Requests for Production and 13 Interrogatories included in Plaintiff's Opposition, the vast majority will not illuminate facts pertinent to the issue of whether the Court may exercise personal jurisdiction over Ms. White. Moreover, in Opposition to Ms. White's Motion to Dismiss, Plaintiff has moved the District Judge to allow jurisdictional discovery to occur. ECF No. 14 at 14. Under these circumstances, the Court finds it prudent for the undersigned to defer the question of whether jurisdictional discovery is necessary to the District Judge. *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *2 (D. Nev. Apr. 8, 2015)

granted in full, the parties shall submit a stipulated discovery plan and schedule order for the Court's review within ten days the order issued.

DATED this 2nd day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE