1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSHCO TECH, LLC,

       Plaintiff(s),

  v.

DOES 1-4,

       Defendant(s).

Case No. 2:20-CV-521 JCM (EJY)

ORDER

Presently before the court is defendant Cheryl White's ("White") motion to dismiss for lack of personal jurisdiction, or alternatively for failure to state a claim for which relief can be granted.  (ECF No. 10).  Plaintiff JoshCo Tech, LLC ("JoshCo") filed a response (ECF No. 14), to which defendant replied.  (ECF No. 16).

**I. Background**

  This matter arises from an alleged copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101.  (ECF No. 7).  JoshCo owns a valid copyright registration for its Miniaturized Disability Benefits Questionnaire ("mini-DBQ") that was allegedly infringed by White.  (*Id.*).  JoshCo's mini-DBQs are used to simplify the information that veterans must provide when applying for VA benefits for the first time or seeking to increase VA benefits. (*Id.*).  On September 28, 2018, a certificate of registration was issued by the U.S. Copyright Office to JoshCo for the mini-DBQs that are the subject of this claim.  (ECF No. 7-1).

  White is the registrant and operator of vradvisors.org.  (ECF No. 7).  JoshCo alleges that White uses her website to solicit veterans to input their contact information into the website, and then sends Nevada residents forms that infringe JoshCo's copyright.  (*Id.*).  By specifically advertising to veterans, White targets Nevada and Nevada's veteran community because Nevada

**James C. Mahan**
**U.S. District Judge**

has one of the highest percentage of veterans. (*Id.*). JoshCo contends that jurisdiction is proper because its claim for copyright infringement arises out of this Nevada directed distribution by White. (*Id.*).

White describes her involvement as solely "providing referrals to Zeplin." (EFC No. 10). Zeplin Global Group, LLC ("Zeplin") is a California limited liability company. (EFC No. 10.1). White alleges that she has never contributed any content to vradvisors.org and that the domain points to a website owned and operated by Zeplin. (EFC No. 10). White's only connection to the mini-DBQs is her referral of veterans to Zeplin by providing them links to a DocuSign website where veterans can fill out one of Zeplin's mini-DBQs. (*Id.*). White receives a fee from Zeplin for her referral services. (*Id.*).

White admits that she has provided DocuSign links to ten (10) persons in Nevada to complete mini-DBQs. (EFC No. 10). She also admits that she has contacted approximately twelve (12) veterans in Nevada. (*Id.*). White alleges that these twelve (12) Nevada veterans are among the more than 500 veterans that she has contacted across the U.S. (*Id.*). However, she argues this is not enough to establish personal jurisdiction over her. (*Id.*). White is a California resident, does not do any business in Nevada, or own any land in Nevada, and therefore exercising jurisdiction over her is improper. (*Id.*).

On June 2, 2020, Joshco filed its amended complaint alleging direct copyright infringement, 17 U.S.C. § 501 *et seq.* against White. (EFC No. 7).

White now moves to dismiss for lack of personal jurisdiction. (EFC No. 10). In the alternative, White moves to dismiss for failure to state a claim. (*Id.*).

## II.   Legal Standard

### A.   Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be

1   construed in the plaintiff's favor.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th

2   Cir. 2002).

3           However, the court "may not assume the truth of allegations in a pleading which are

4   contradicted by affidavit."  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223

5   (9th Cir. 2011) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir.

6   1977).  Additionally, "mere 'bare bones' assertions of minimum contacts with the forum or legal

7   conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading

8   burden."  *Lang v. Morris*, 823 F. Supp. 2d 966, 969–70 (N.D. Cal. 2011) (citing *Fiore v. Walden*,

9   657 F.3d 838, 846–47 (9th Cir. 2011).

10          Personal jurisdiction is a two-prong analysis.  First, an assertion of personal jurisdiction

11  must comport with due process.  *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668,

12  672 (9th Cir. 2012).  Next, "[w]hen no federal statute governs personal jurisdiction, the district

13  court applies the law of the forum state."  *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l

14  L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Because Nevada's "long-arm" statute

15  provides for personal jurisdiction to the fullest extent of the due process clause, the court need

16  only apply federal due process standards.  *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist.

17  Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539

18  F.3d at 1015.

19          Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific

20  jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15

21  (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

22          "[T]he place of incorporation and principal place of business are paradigm bases for

23  general jurisdiction."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation

24  omitted).  A court may also assert general jurisdiction over a defendant when the plaintiff shows

25  that "the defendant has sufficient contacts that approximate physical presence."  *In re W. States

26  Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks

27  and citations omitted).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. at 137. General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; *and*
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004) (emphasis added).

Under the Ninth Circuit's test for specific jurisdiction, "plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id.*

Under the first prong of the three-part specific jurisdiction test, plaintiff must establish that the defendant either purposefully availed itself of the privilege of conducting activities in the forum state, or purposefully directed its activities toward the forum state. *Id.* The Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts. *Lang v. Morris*, 823 F. Supp. 2d 966, 970 (N.D. Cal. 2011). A purposeful availment analysis is most often used in suits sounding in contract, whereas a purposeful direction analysis is most often used in suits sounding in tort. *See Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001); *see Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). A copyright infringement

1    claim generally sounds in tort, and therefore a purposeful direction analysis is appropriate.

2    *See Wash. Shoe Co.*, 704 F.3d at 675 ("We have characterized copyright infringement as a 'tort,'

3    and suggested that willful infringement is an intentional tort.") (internal citations omitted).

4          The Supreme Court has held that due process permits the exercise of personal jurisdiction

5    over a defendant who "purposefully directs" his activities at residents of a forum, even in the

6    "absence of physical contacts" with the forum. *Burger King Corp. v. Rudzewicz*, 471, 476 U.S.

7    462 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774–75 (1984)). A showing

8    that a defendant purposefully directed his conduct toward a forum state usually consists of

9    evidence of the defendant's actions outside the forum state that are directed at the forum, such as

10   the distribution in the forum state of goods originating elsewhere. *Keeton*, 465 U.S. at 774–75

11   (finding purposeful direction where defendant published magazines in Ohio and circulated them

12   in the forum state, New Hampshire). *Schwarzenegger*, 374 F.3d at 803.

13         The Ninth Circuit evaluates purposeful direction under the three-part "effects" test

14   traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 789 (1984) and as

15   follows:

16         *Calder* stands for the proposition that purposeful availment is satisfied even by a
           defendant "whose only 'contact' with the forum state is the 'purposeful direction'
           of a foreign act having effect in the forum state." . . . [Under] *Calder*, the
17         "effects" test requires that the defendant allegedly have (1) committed an
           intentional act, (2) expressly aimed at the forum state, (3) causing harm that the
18         defendant knows is likely to be suffered in the forum state.

19   *Schwarzenegger*, 374 F.3d at 803 (citing *Dole Food*, 303 F.3d at 1111).

20   **III.   Discussion**

21         Defendant White moves to dismiss this case for lack of personal jurisdiction pursuant to

22   Fed. R. Civ. P. 12(b)(2). Alternatively, White moves to dismiss this case for failure to state a

23   claim.

24         This court finds no personal jurisdiction, and grants defendant's request.

25         Neither party alleges that general jurisdiction exists here. Thus, this court examines

26   specific jurisdiction. The Ninth Circuit's test for specific jurisdiction requires JoshCo to satisfy

27   the first two prongs of the three-part test. If JoshCo fails to satisfy either of these prongs,

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   personal jurisdiction is not established in Nevada.  Because JoshCo fails to satisfy the second

2   prong, this court finds jurisdiction over White improper.

3   Because copyright infringement is a claim sounding in tort, the first prong of the three-

4   part specific jurisdiction test requires JoshCo to establish that White purposefully directed her

5   activities toward Nevada.  The Ninth Circuit evaluates purposeful direction under the three-part

6   "effects" test in *Calder v. Jones*, 465 U.S. at 789.  Under *Calder*'s "effects" test, White must

7   have (1) committed an intentional act, (2) expressly aimed at Nevada, (3) causing harm that she

8   knows is likely to be suffered in Nevada.  Evidence of White's actions directed at Nevada will

9   normally support this showing.  *Keeton*, 465 U.S. at 774–75.  Here, JoshCo has failed to meet its

10  burden in satisfying the purposeful direction prong of the Ninth Circuit's test.

11  This court first addresses whether White committed an intentional act when she,

12  allegedly, willfully infringed JoshCo's copyright.  The court finds that she did.

13  "An intentional act is an external manifestation of the actor's intent to perform an actual,

14  physical act in the real world, not including any of its actual or intended results."  *Wash. Shoe*

15  *Co.*, 704 F.3d at 674.  In this case, it is undisputed by the parties that White contacted

16  approximately twelve (12) veterans in Nevada and provided DocuSign links to ten (10) persons

17  in Nevada to complete mini-DBQs.  (EFC No. 10).  White's act of contacting Nevada veterans

18  and providing DocuSign links to the mini-DBQ forms was an intentional act, completed in

19  exchange for a referral fee from Zeplin.  (*Id.*).  This intentional act satisfies part one of *Calder*'s

20  "effects" test.  By intentionally engaging in the actual, physical act of contacting Nevada

21  residents and providing them with links to JoshCo's alleged infringing forms, White has clearly

22  committed an "intentional act" within the meaning of the *Calder* test.

23  The court must next decide if White's intentional act was expressly aimed at Nevada.

24  This court finds that it was not.

25  The Ninth Circuit has held that "[w]hen copyrights are held by corporations, the 'right to

26  control the work' will typically be exercised where the corporation is located.  *Wash. Shoe Co.*,

27  704 F.3d at 678.  The impact of an intentional violation of that right is necessarily directed at that

28  location."  *Id.*  The court elaborated, "[b]ecause the harm caused by an infringement of

James C. Mahan
U.S. District Judge

- 6 -

1    the copyright laws must be felt at least at the place where the copyright is held, … the impact of

2    a willful infringement is necessarily directed there as well." *Id.*

3        Here, JoshCo is the copyright holder, is located in Nevada, and alleges willful copyright

4    infringement.  (EFC No. 7).  However, the Ninth Circuit clarified in *Bancroft*, that *Calder* does

5    not stand for the broad proposition that a foreign act with foreseeable effects in the forum state

6    will always give rise to specific jurisdiction.  *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223

7    F.3d 1082, 1087 (9th Cir. 2000).  The court defined the "something more" that is needed to

8    assert specific jurisdiction as "express aiming" at the forum state.  *Pebble Beach Co. v. Caddy*,

9    453 F.3d 1151, 1156 (9th Cir. 2006) (citing *Bancroft,* 223 F.3d at 1087).

10       In this case, White's conduct must rise above mere untargeted negligence.  *Id.* at 1088

11   (citing *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259–60 (9th Cir.

12   1989)).  JoshCo argues that this court has personal jurisdiction over White because of her

13   conduct as the registrant and operator of vradvisors.org.  (EFC No. 7).  JoshCo alleges that

14   through this Nevada accessible interactive website, White solicited veterans to input their contact

15   information in order to send DocuSign links to forms that infringe its copyright.  (*Id.*).

16       Neither party disputes that White contacted approximately twelve (12) veterans in

17   Nevada and provided DocuSign links to ten (10) persons in Nevada to complete JoshCo's

18   alleged mini-DBQs.  (EFC No. 10).

19       White relies on *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797 (9th Cir. 2004).

20   There, the Ninth Circuit concluded that jurisdiction was improper because Schwarzenegger

21   failed to make out a prima facia case that defendant expressly aimed its acts at California.  *Id.* at

22   807.  The court declined to exercise jurisdiction even though Schwarzenegger was able to show

23   defendant committed intentional acts that may have harmed him in California.  *Id.*

24       In response, JoshCo proffers *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th

25   Cir. 2011).  There, the Ninth Circuit found purposeful direction because the defendants acted

26   intentionally by reposting the infringing photos on Marvix's website, used the photos to exploit

27   the California market for defendants' own commercial gain, and it was foreseeable that the

28   economic loss would be inflicted in California.  *Id.*  at 1227–28.  The court further recognized

James C. Mahan
U.S. District Judge

that, "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed. *Id.* at 1231. However, where "a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's operators can be said to be 'expressly aimed' at that state." *Id.*

Similar to the court's conclusion in *Schwarzenegger*, this court agrees that JoshCo made out a prima facia case that White committed intentional acts that may have harmed JoshCo in Nevada for the purpose of specific jurisdiction. However, JoshCo has failed to make out a prima facia case that White expressly aimed its acts at Nevada.

Because this court finds that White's intentional act of sending DocuSign links to veterans was not expressly aimed at Nevada, JoshCo has failed to meet its burden in satisfying all three parts under *Calder*'s "effects" test. Accordingly, JoshCo has not presented a prima facie case of purposeful direction by White sufficient to survive a motion to dismiss for lack of personal jurisdiction. This claim's defect cannot be remedied through amendment. Thus, this court dismisses JoshCo's cause of action with prejudice.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

The clerk is ordered to close the case accordingly.

DATED October 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -